**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4399**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD STINSON, a/k/a Murder, a/k/a Richard Dorsey,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, District Judge. (7:18-cr-00075-D-1)

Submitted: May 12, 2020                                    Decided: July 31, 2020

Before NIEMEYER, WYNN, and RICHARDSON, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Stinson pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2018), possession with intent to distribute heroin, in violation of § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2018). On appeal, he challenges his convictions and 192-month sentence, arguing that the district court erred in refusing to allow him to withdraw his plea and in concluding sufficient facts supported his guilty plea to the § 924(c) charge, that the court abused its discretion in denying his motion for additional discovery, and that his sentence is unreasonable. We dismiss the appeal of Stinson's sentence and affirm the remainder of the district court's judgment.

Stinson first challenges the district court's denial of his motions to withdraw his guilty plea. We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). "A defendant has no absolute right to withdraw a guilty plea . . . ." *Id.* at 383-84 (internal quotation marks omitted). To withdraw a guilty plea prior to sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of demonstrating that withdrawal should be granted . . . ." *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (alteration and internal quotation marks omitted). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the [Fed. R. Crim. P.] 11 colloquy at which the guilty plea was accepted." *Nicholson*, 676 F.3d at 384 (internal quotation marks

2

omitted). "[A] properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *Id.* (internal quotation marks omitted). Courts consider certain factors in deciding whether to allow withdrawal of a plea. *Id.* (discussing factors set forth in *United States v. Moore*, 931 F.2d 245 (4th Cir. 1991)).

We have reviewed the record and conclude that the district court considered the relevant factors in denying Stinson's motions to withdraw his guilty plea. *See id.* Although Stinson claims that an insufficient factual basis supported his plea to the § 924(c) charge, we have reviewed the record for plain error and find none. *See Nicholson*, 676 F.3d at 381 (stating standard of review); *see also United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (discussing plain error standard). The facts established a nexus between the firearms recovered during the search of Stinson's residence and his drug trafficking activities. *See United States v. Reed*, 780 F.3d 260, 272 (4th Cir. 2015) (stating elements of § 924(c) offense); *United States v. Howard*, 773 F.3d 519, 527 (4th Cir. 2014) (listing factors courts consider in determining whether sufficient nexus exists). Accordingly, we conclude that the district court did not abuse its discretion in denying the motions to withdraw.

Next, Stinson argues that the district court erred by denying his motion for additional discovery. However, he fails to challenge the district court's dispositive findings that his motion was untimely and meritless. Accordingly, Stinson has waived appellate review of this issue. *See* Fed. R. App. P. 28(a)(8); *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in [his]

3

opening brief or by failing to develop [his] argument—even if [his] brief takes a passing shot at the issue." (internal quotation marks omitted)).

Finally, Stinson argues that his sentence is unreasonable. The Government responds by invoking the appellate waiver in Stinson's plea agreement. A defendant may waive the right to appeal if that waiver is knowing and intelligent. *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). When the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the waiver's scope. *Id.* at 168-69. Our review of the record leads us to conclude that Stinson's waiver is valid and that his challenge to the reasonableness of his sentence falls within the scope of the waiver.

Accordingly, we dismiss Stinson's appeal of his sentence and affirm the remainder of the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*